[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————

No. 22-12200

Non-Argument Calendar

————————————

GEORGETTE SHAW,

Plaintiff-Appellant,

*versus*

UNITED STATES POSTAL SERVICE,
UNITED STATES POSTMASTER GENERAL,

Defendants-Appellees.

————————————

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 1:20-cv-00183-JRH-BKE

_____

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Georgette Shaw appeals from the district court's grant of summary judgment in favor of her employer, the United States Postal Service ("USPS"), on her employment action alleging a claim of race-based disparate treatment under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a). She challenges many of the court's factual conclusions and argues that these conclusions caused the court to err further in its analyses. She argues that the court erred in determining that her proffered comparators were not similarly situated. She also argues that the court erred in finding that she did not meet her burden to show that USPS's proffered reason was pretext. Finally, she argues that, even if her comparators were dissimilar, the district court erred in failing to find a convincing mosaic of evidence showing discrimination.

I.

We review *de novo* a district court's order granting summary judgment. *Bowen v. Manheim Remarketing, Inc.*, 882 F.3d 1358, 1362 (11th Cir. 2018). Summary judgment may be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "If that standard is met, the burden shifts to the nonmoving party to come forward with specific facts showing that there is a genuine issue for trial." *Shaw v. City of Selma*, 884 F.3d 1093,

1098 (11th Cir. 2018) (quotation marks omitted). "[M]ere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

"A material fact is one that might affect the outcome of the suit under the governing law. A material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Furcron v. Mail Centers Plus, LLC*, 843 F.3d 1295, 1303 (11th Cir. 2016) (quotation marks and citation omitted). "All reasonable inferences arising from the undisputed facts should be made in favor of the nonmovant, but an inference based on speculation and conjecture is not reasonable." *Ave. CLO Fund, Ltd. v. Bank of Am., N.A.*, 723 F.3d 1287, 1294 (11th Cir. 2013) (quotation marks omitted). "Because summary judgment may only be granted where there is no genuine issue of material fact, any purported 'factual findings' of the trial court cannot be 'factual findings' as to disputed issues of fact, but rather are conclusions as a matter of law that no genuine issue of material fact exists." *Jones v. Am. Gen. Life & Acc. Ins. Co.*, 370 F.3d 1065, 1069 n.1 (11th Cir. 2004) (alterations adopted).

II.

To defeat a summary judgment motion on a Title VII disparate treatment claim, a plaintiff "must present sufficient facts to permit a jury to rule in her favor." *Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1220 (11th Cir. 2019) (*en banc*). "One way [to] do so is by satisfying the burden-shifting framework set out in *McDonnell Douglas*.[1]" *Id.* Under the *McDonnell Douglas* framework, when the plaintiff seeks to establish her *prima facie* case of intentional discrimination by comparing her situation to appropriate comparators—as does Shaw in this case—the plaintiff must show "(1) that she belongs to a protected class, (2) that she was subjected to an adverse employment action, (3) that she was qualified to perform the job in question, and (4) that her employer treated similarly situated employees outside her class more favorably." *Id.* at 1220-21 (quotation marks omitted).

As to the fourth element, the plaintiff "must show that she and her comparators are similarly situated in all material respects." *Id.* at 1226 (quotation marks omitted). Ordinarily, a similarly situated comparator: (1) "will have engaged in the same basic conduct (or misconduct) as the plaintiff"; (2) "will have been subject to the same employment policy, guideline, or rule as the plaintiff"; (3) "will ordinarily (although not invariably) have been under the jurisdiction of the same supervisor as the plaintiff"; and (4) "will share the plaintiff's employment or disciplinary history." *Id.* at 1227-28.    However, "precisely    what    sort    of    similarity

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

th[is] . . . standard entails will have to be worked out on a case-by-case basis, in the context of individual circumstances." *Id.* at 1227. Where an employer took adverse action against the plaintiff but not against another employee outside her class, "[t]he relevant inquiry is not whether the employees hold the same job titles, but whether the employer subjected them to different employment policies." *Id.* at 1227, 1231 (quotation marks omitted) (holding that comparators were not similarly situated to the plaintiff because they were subject to different personnel policies); *Lathem v. Dep't of Child. & Youth Servs.*, 172 F.3d 786, 793 (11th Cir. 1999).

In this case, although there are considerable differences in the situations of Phillips and Tichgelaar, we assume *arguendo* (but expressly do not decide) that there might be genuine issues of material fact as to whether Phillips and/or Tichgelaar are similarly situated in all material respects. Thus, we assume *arguendo* that Shaw has established her prima facie case. However, as discussed below, we nevertheless affirm the judgment of the district court on the basis of its alternative holding—i.e. that the USPS proffered a legitimate safety reason for the challenged actions and Shaw ultimately failed to establish pretext.

## III.

Under the *McDonnell Douglas* framework, once the plaintiff successfully establishes a *prima facie* case of intentional discrimination, the burden shifts to the employer to rebut the presumption

of discrimination by proffering a legitimate, non-discriminatory reason for its employment decision against the plaintiff. *McDonnell Douglas*, 411 U.S. at 802. If the employer does so, the burden shifts back to the plaintiff to show that the employer's stated reason was in fact pretext. *Id.* at 804. "A reason is not pretext for discrimination unless it is shown *both* that the reason was false, *and* that discrimination was the real reason." *Brooks*, 446 F.3d at 1163 (quotation marks omitted) (emphasis in original).

As noted above, the USPS adduced evidence of legitimate safety reasons for denying Shaw's request for an accommodation to work with a medical boot with open toes. The USPS policy on which the decision was based is reasonable. After a careful review of the briefs and relevant parts of the summary judgment record, we conclude that Shaw has failed to create a genuine issue of material fact on the pretext issue. There is no evidence—absolutely zero—of any racial motivation on the part of either Blendowski or Steele, the only two persons who possibly could have influenced the challenged decision. There is simply no evidence suggesting that the decision was based on, or influenced by, racial discrimination rather than safety reasons.

Similarly, there is no merit in Shaw's argument that a "convincing mosaic" of circumstantial evidence raises a reasonable inference that the challenged decision was based on racial discrimination. As noted above, there is simply no evidence at all to support that theory. Furthermore, Shaw did not raise a convincing

mosaic argument in the district court, and the argument is thus forfeited.

For the foregoing reasons, the judgment of district court is

**AFFIRMED.**